### SAMUEL L. BUSH v. WILLIAM G. WRIGHT and others.

One who receives a note, with knowledge of an agreement between the original holder and the endorsers, that but one-fifth of the amount should be paid at maturity, a new note being given for the balance, will be bound by the stipulation.

APPEAL from the District Court of St. Helena, *Jones*, J.

BULLARD, J. This is an action by the endorsee, against the drawer and endorsers of a promissory note, for four hundred dollars, with interest at ten per cent a year from maturity till paid, and payable at the branch of the Bank of Louisiana at Baton Rouge, twelve months after date.

The endorsers pleaded, that they endorsed upon condition that the note should be made payable at the bank, and that the drawer and endorsers should be at liberty to pay by installments of one-fifth, according to the usage in bank. That accordingly, when the note was about falling due, a new note was offered, at the elected domicil, for the amount less $100; the original note, of which this is a renewal, being for $499 25, which was left with the cashier of the bank, together with the money for the curtailment. That the money and the new note remained in the hands of the cashier for thirty days, and was finally returned, having been refused by the holder of the note.

The statement of facts shows that Amos Kent, one of the original holders of the note, testified on the trial, that the note was given on the conditions set forth in the answer, and that it was transferred to the plaintiff with a full knowledge of that fact. The cashier of the bank, where the note was made payable, testified, that Wright, the drawer, on or about the 31st of December, 1840, deposited in his hands one hundred dollars in cash, and a note made by him for $300, he thinks payable at the same bank in twelve months, and requested him to offer the same to the holder of a note drawn by him for $400, to be due in a few days, as payment thereof; that he refused to receive the same as cashier of the bank, but, as an individual, and to accommodate him, he did receive the money and note, and on the same day, after Wright went away, offered the same in payment of the note of $400, which, being refused by the holder as payment, was afterwards, on the 4th of February, returned to Wright. He farther testifies that the note never was placed in bank for collection, and had not been discounted, and, consequently, could not be renewed without special instructions. The same facts are, in substance, sworn to by F. M. Kent. It is further shown, that the note was protested at its maturity, and notice given to the endorsers.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

The defendants did not annex to their answer the note thus offered in renewal, according to the alleged contract, nor did they deposit in court, subject to its order, the sum of one hundred dollars, of which they allege a tender to the holder of the note. The consequence is, that, by the judgment rendered, the plaintiff loses the benefit of both contracts, and does not recover even what would have been due to him under the second agreement, as alleged by the defendants. There does not appear to be any good legal reason why he should be barred from recovering any thing. Under these circumstances, we think, justice requires that the case should be remanded for a new trial.

It is therefore ordered, and decreed that the judgment of the District Court be reversed, the verdict set aside, and the case

remanded for a new trial; and that the defendants pay the costs of the appeal.

*Brunot,* for the appellant.

*Davidson,* for the defendants.